**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KENDRICK LAVON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-174-ACL |
| | ) | |
| CODY WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff's application to proceed in district court without prepaying costs or fees. ECF No. 2. After considering the application and financial information provided, the Court will grant the application and waive the filing fee. Now that Plaintiff is proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

**Legal Standard**

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the

claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

On July 20, 2026, Plaintiff filed the instant complaint against two Butler County police officers and the Butler County police department. ECF No. 1. Plaintiff alleges violations of his rights under the First, Fourth, and Fourteenth Amendment. *Id*. at 4. Plaintiff states that between April to May 2025, Defendant Wilson "used the powers and authority granted to him… to settle a personal grievance against the Plaintiff." *Id*. The complaint is confusing to read, and it is unclear what Defendant Wilson is being accused of by Plaintiff. He also makes a vague accusation about "Sergeant J. huts," who does not appear to be a defendant in this case, bringing a duty gun to Plaintiff's workplace. *Id*.

Plaintiff claims a variety of injuries including mental health, lost wages, family connection, and equal protection laws. *Id*. at 5. For relief he requests over $2,249,500.00. *Id*.

**Discussion**

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court determines it is subject to dismissal. Because Plaintiff is proceeding pro se, the Court will allow him an opportunity to file an amended complaint.

Presently, Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff does not provide any facts which suggest that the defendants violated any of his civil rights. It is unclear what Plaintiff is alleging because of the vague and confusing statements made in the complaint. Therefore, Plaintiff will be directed to file an amended complaint in accordance with the instructions provided below.

Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in

separate, numbered paragraphs:

1) the relevant facts supporting the claim;

2) the constitutional, statutory, or other right that the defendant violated; and

3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief).

Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known.

In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

Finally, Plaintiff is advised that, by presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, **including any portion generated with artificial intelligence (AI)**. *See* Fed. R. Civ. P. 11(b).

Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11,

which prohibits the filing of frivolous or unsupported pleadings and permits sanctions for violations of the rule.

Attorneys and self-represented parties who file any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law are therefore on notice they must thoroughly review any document filed with the Court for accuracy or conduct an inquiry reasonable under the circumstances pursuant to Rule 11. Any attorney or self-represented party who fails to do so **will be subject to the imposition of sanctions**.

**Failure to comply with any part of this Order may result in the imposition of sanctions**, including but not limited to non-monetary directives, an order to pay a penalty to the Court, an award of reasonable attorney's fees and expenses, striking pleadings, dismissal of the action, entry of default judgment, and restrictions on the admissibility of evidence. *See* Fed. R. Civ. P. 11(c)(4).

**Petition for Writ of Mandamus**

Plaintiff filed a petition for writ of mandamus on July 24, 2026. ECF No. 5. He complains about Wilson threatening him and breaking his phone in 2025. *Id*. at 1. Plaintiff filed a complaint against Wilson following this incident. He also complains Sergeant Hovis failed to intervene during this incident. *Id*. Shortly after filing his complaint against Wilson, the Poplar Bluff Police Department filed a burglary charge against him, which was subsequently dismissed. *Id*. Plaintiff also claims he has been subjected to intimidation and harassment by Sergeant Hovis who sat at Plaintiff's place of employment, an Applebee's restaurant, without ordering food sometime in May or June 2026. *Id*. Plaintiff asks this Court for a writ of mandamus to "compel

the Poplar Bluff Police Department to properly process internal complaints and fulfill their duty to investigate crimes against Plaintiff, rather than ignoring them." *Id*. at 2. Plaintiff also asks that this Court set the matter for oral argument "on an expedited timeline" and demands that the matter be "resolved before October 2026." *Id*. at 4.

A writ of mandamus is an extraordinary remedy reserved only for "extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal citation omitted). Plaintiff has not presented facts that support this being an extraordinary case. Most of the events complained of occurred in 2025, and do not appear to be ongoing. The only incident that occurred in 2026 was Sergeant Hovis going to an Applebee's where Plaintiff worked and not ordering food. Even if this were intimidation, which the Court is not convinced of, this would still not be deserving of the extraordinary remedy that Plaintiff requests. Therefore, the motion for writ of mandamus will be denied.

**Additional pro se motions**

Plaintiff has filed several other pro se motions with this Court. His motion to update defendant's address for service, ECF No. 4, will be denied at this time. Service has not yet been issued and Plaintiff has not yet filed a complaint which survives initial review.

Plaintiff's motion to expedite ruling, ECF No. 6, will be denied as moot as this Order rules on the writ of mandamus as requested by this motion. Plaintiff's request to appear remotely, ECF No. 7, will be denied as there are no court appearances scheduled for Plaintiff at this time. Plaintiff's motion to compel alternative dispute resolution, ECF No. 10, will be denied as Plaintiff again has not yet filed a complaint which survives initial review. This case is not ready for dispute resolution.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying costs or fees (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint **no later than 30 days from the date of this Order**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint the Court may dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to update Defendant's address for service (ECF No. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for writ of mandamus (ECF No. 5) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite ruling (ECF No. 6) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appear remotely (ECF No. 7) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel alternative dispute resolution (ECF No. 10) is **DENIED without prejudice**.

Dated this 5th day of October, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE